**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

MAC BYNUM and CAROLYN BYNUM                                               PLAINTIFFS

vs.                                                              CIVIL ACTION NO. 3:05-CV-22WS

FIRST CHEMICAL CORPORATION, ET. AL.                                      DEFENDANTS

**ORDER**

Before the court is the motion of the defendants to reconsider this court's Order remanding this case to the Circuit Court of Smith County, Mississippi [**Docket No. 110**]. The plaintiffs' complaint asserts claims for negligence, products liability, and breach of warranty against several defendants for injuries resulting from chemical exposure. The defendant Radiator Specialty Company removed this case to federal court, contending that removal was appropriate under the Federal Hazardous Substances Act, claiming complete preemption of the plaintiffs' lawsuit. The defendant Radiator Specialty Company also argued that the plaintiff's complaint raised separate and independent causes of action against the various defendants. In its prior Order granting remand, this court rejected these arguments and directed that the case be remanded to state court.

Now, the defendants offer the Consumer Product Safety Act as the foundation for federal jurisdiction over this dispute. The plaintiffs note that this argument constitutes a new and independent basis for removal which is untimely. All grounds

for removal, say plaintiffs, must be made within the 30-day window provided by Title 28 U.S.C. §1446. After the 30-day period expires, a defendant cannot amend the notice of removal to add a missing jurisdictional allegation. *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000).

Additionally, the Consumer Product Safety Act does not "replace" or completely preempt plaintiffs' state law and common law claims in this cause of action. While complete preemption creates federal removal jurisdiction, the more common ordinary or conflict preemption does not. *Johnson v. Baylor University*, 214 F.3d 630, 632 (5th Cir. 2000). More specifically, Title 15 U.S.C. § 2074(a) provides that, "[c]ompliance with consumer product safety rules or other rules or orders under this chapter shall not relieve any person from liability at common law or under State statutory law to any other person." *See Geier v. American Honda Motor Company*, 529 U.S. 861, 120 S.Ct. 1913, 146 L.Ed.2d 914 (2000), holding that state common law causes of action against the car manufacturer and others claiming that the auto was defectively designed because it had no driver's side air bag are not preempted by the National Traffic and Motor Vehicle Safety Act. Like Title 15 U.S.C. § 2074(a) of the Consumer Product Safety Act, the Motor Vehicle Safety Act contains both a preemption clause and a savings clause which provides that "[c]ompliance with" a federal safety standard "does not exempt any person from any liability under common law." *See* Title 15 U.S.C. § 1397(k); and *Summerlin v. Scott Petroleum Corporation*, 324 F.Supp. 2d 810, 814 (S.D. Miss. 2004).

Therefore, in light of the current authority on the issue, this court adheres to its previous decision to remand this case to state court.  The motion to reconsider remanding the case [**Docket No. 110**] is denied.

**SO ORDERED** this the 20th day of March, 2007.

s/ HENRY T. WINGATE<br>CHIEF UNITED STATES DISTRICT JUDGE

CIVIL ACTION NO. 3:05CV22-HTW-JCS
Order